a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BLAYNE DAVIS #71521-279,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01657<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHRIS MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Blayne Davis ("Davis") (#71521-279). Davis is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Complex in Pollock, Louisiana. Davis challenges the calculation of his sentence by the BOP.

Because Davis has failed to exhaust administrative remedies, his Petition (ECF Nos. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Davis was convicted of three counts of wire fraud in the United States District Court for the Middle District of Florida. *United States v. Davis*, 491 F. App'x 48 (11th Cir. 2012). He was sentenced to serve 108 months of imprisonment. *See United States v. Davis*, 721 F. App'x 856, 858 (11th Cir. 2018). Davis alleges that the BOP miscalculated his sentence by failing to credit him 165 days of earned Federal Time Credits. ECF No. 1-4 at 2.

1

II.   Law and Analysis

Petitioners seeking relief under § 2241 must generally exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972).

Although exhaustion is not a jurisdictional requirement in the context of § 2241, the Fifth Circuit has made it clear that "[a] federal prisoner may not seek § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons." *Williams v. Willis*, 765 F. App'x 83 (5th Cir. 2019) (citing *United States v. Dowling*, 962 F.2d 390 393 (5th Cir. 1992); *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017); 28 C.F.R. §§ 542.10–542.19); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).

A petitioner need not exhaust administrative remedies when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation omitted). However, such

2

exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If a petitioner carries the burden to demonstrate an applicable exception to the exhaustion requirement, he or she may obtain a merits ruling on the § 2241 petition despite a lack of exhaustion. *See id.*

The computation of sentencing credits is done by the Attorney General of the United States through the BOP, not the courts. *See U.S. v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010). The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10-542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009 WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, Administrative Remedy Program, outlines the administrative procedure. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)).

Inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps that require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate has exhausted

administrative remedies for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

Davis claims that the BOP has refused to give him time credits that he earned and "lacks institutional competence." ECF No. 1-2 at 10-11. Davis states that he sent a letter to the BOP's Designation and Sentencing Computation Center ("DSCC") about the alleged inaccurate calculation, but the DSCC said the calculation was correct. ECF No. 1-2 at 13. Thus, Davis alleges that an attempt at exhaustion would be futile in his case.

However, Davis has provided nothing to support the conclusion that input from the Warden, Regional Director, and/or the BOP General Counsel would not lead to a different result than the response he received from the DSCC. *See Williams v. Willis*, 2018 WL 852381 at * 7 (W.D. Tex. Feb. 13, 2018) ("There is no reason to believe with certainty that officials at the regional office and office of general counsel would have made the same determination [as the DSCC regarding the issue of petitioner's custody credits]."), *aff'd* 765 Fed. Appx. 83 (5th Cir. 2019). Indeed, "the use of the established administrative process for petitioner's [custody credit] claims would have provided the BOP with an opportunity to correct the alleged errors and would promote judicial efficiency by developing a factual record at the administrative level." *Jones v. Sanders*, 2012 WL 2320889 at * 4 (C.D. Cal. March 22, 2012); *see also Williams*, 2018 WL 852381 at * 8 ("Williams' disagreement with the BOP's calculation of time credits is exactly the type of dispute that the administrative review process may best resolve.").

4

Thus, the adverse decision from the DSCC does not relieve Davis of the duty to exhaust his administrative remedies. Davis cannot meet his burden of establishing an exception to the exhaustion requirement.

### III. Conclusion

Because Davis has not exhausted administrative remedies his Petition (ECF Nos. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 25, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE